**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Robert EMLER, Defendant-Appellant.**

**No. 77–5182.**

United States Court of Appeals, Sixth Circuit.

Oct. 19, 1977.

Motion for Rehearing Denied Jan. 19, 1978.

Certiorari Denied March 20, 1978. See 98 S.Ct. 1496.

Gershwin A. Drain, F. Randall Karfonta, Detroit, Mich., for defendant-appellant.

Philip M. Van Dam, U. S. Atty., Detroit, Mich., Loren G. Keenan, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before EDWARDS, LIVELY and EN-GEL, Circuit Judges.

### ORDER

■ On receipt and consideration of an appeal in the above-styled case wherein appellant was convicted for interstate transportation of forged or counterfeit securities under 18 U.S.C. § 2314 (1970); and

Noting that the sole appellate issue is an attack upon the sufficiency of the indictment which did not squarely use the statutory language referring to "unlawful or fraudulent intent"; and

Further noting the grand jury indictment did, however, allege that defendant "did transport and cause to be transported in interstate commerce . . . a falsely made and forged security, that is, a bank check, knowing the same to be falsely made and forged . . ."; and

Believing that the quoted language from the indictment, plus the citation of the statute itself, namely, 18 U.S.C. § 2314 (1970), was ample to charge the offense concerned and the required criminal intent, *see generally United States v. Dickerson*, 337 F.2d 343 (6th Cir. 1964),

Now, therefore, the judgment of the District Court is affirmed.

### MOTION FOR REHEARING AND FOR STAY OF MANDATE

PER CURIAM.

Appellant, through the Detroit Federal Defenders Office, has filed a Motion for Stay of Mandate pending application for certiorari in the United States Supreme Court. In this motion the Defenders Office argues that this court's order of October 19, 1977, affirming the District Court's judgment of conviction and sentence of 18 months, with all except three months suspended, is in conflict with the opinions of three other Circuits. Treating appellant's motion as both a motion for rehearing and a motion for stay of mandate, we deny rehearing and grant the stay.

The issues presented in this appeal were thoroughly considered and accurately answered, we believe, in District Judge Robert DeMascio's Opinion dated November 24, 1976, and this court's Order dated October 19, 1977. For the reasons stated therein, we feel appellant's rights to be informed of the charges against him and to be protected against double jeopardy were amply protected.

■ Appellant's present motion, however, emphasized another constitutional right, namely, the right to Grand Jury indictment contained in the Fifth Amendment. As to this issue, we agree with the District Judge's Memorandum and Order that:

> Where an indictment charges that the defendant transported a falsely made or forged security in interstate commerce knowing it to be falsely made or forged, the grand jury could not reasonably find other than probable cause to believe the defendant acted with the requisite intent. An 'unlawful or fraudulent' intent is implicit in such an allegation.

We also agree with the District Judge's opinion in holding that *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), cited by appellant, is inapposite. *Russell* held the indictment invalid because of its failure to include "a specific identification of fact" which *Russell*

was required to meet, *Russell v. United States, supra* at 764, 82 S.Ct. at 1047. While in our instant case, we are asked to reverse an otherwise fair trial because the indictment, although citing it, failed to simply repeat the language of the criminal statute.

In this respect we note, but do not follow, *United States v. Beard,* 414 F.2d 1014 (3d Cir. 1969).

Further, if, under the facts of this case, we were to assume that the Grand Jury indictment had failed to include an element of the crime, either expressly or by implication, we note that no pretrial motion was made to strike the indictment, as required by Fed.R.Crim.P. 12(a), and that no objection on this ground was offered until completion of the government's case in chief.

We believe that modern rules of pleading have been drafted to avoid just such highly technical arguments as these. *See* Fed.R. Crim.P. 7(a), (b), (c)(1) and (3), and 52(a). In the context of this case, we cannot hold that appellant's constitutional rights have been prejudiced.

The motion for rehearing is denied. The motion for stay of mandate pending application for writ of certiorari is granted.