UNITED STATES of America,
Plaintiff-Appellee,

v.

Estanislao CORREA–DE JESUS,
Defendant-Appellant.

No. 82–1854.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 10, 1983.

Decided June 2, 1983.

Kenneth N. Flaxman, Chicago, Ill., for defendant-appellant.

Daniel M. Purdom, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, POSNER and COFFEY, Circuit Judges.

CUMMINGS, Chief Judge.

Sixteen years ago, appellant Estanislao Correa-De Jesus pleaded guilty before a federal judge in the Northern District of Illinois to two counts of distributing heroin. After the judge asked De Jesus whether anyone had promised him that he would receive a certain sentence if he pleaded guilty and De Jesus answered no, the district judge sentenced him to eight years in prison. De Jesus' attorneys moved under Rule 35 to reduce that sentence, claiming that the judge had promised them in chambers to sentence De Jesus to five years in prison if he pleaded guilty and that they had told De Jesus of that promise before he had agreed to plead guilty. The judge denied having made any such promise, refused to reduce De Jesus' sentence, and De Jesus' attorneys filed a notice of appeal. Apparently fearing that if he were tried and convicted he might receive a stiffer sentence, De Jesus voluntarily dismissed that appeal shortly thereafter.

De Jesus' sentence has expired, the district judge who accepted his plea and sentenced him has died, and De Jesus is now before us asking us to vacate his sentence and allow him to withdraw his guilty plea because, he claims, he really believed when he pleaded guilty sixteen years ago that the judge had promised to sentence him to five years in prison. De Jesus' interest in a sixteen-year-old conviction and sentence he has already served is more than academic. Five years ago De Jesus was convicted by a district court in Puerto Rico of possessing heroin with the intent to distribute it and was sentenced to 30 years in prison. Had it not been for his guilty plea and conviction sixteen years ago, De Jesus would have been sentenced to no more than fifteen years in prison. Therefore, in the hope of cutting his Puerto Rico prison sentence in half, De Jesus filed a Section 2255 motion in October of 1980 in the Northern District of Illinois to vacate his 1967 guilty plea and conviction. The district judge who reviewed that motion dismissed it on the ground that De Jesus should have appealed his conviction or moved to withdraw his guilty plea sixteen years ago. De Jesus has appealed, but for the reasons that follow, we affirm.

■ We must consider at the outset whether the district court had any power to entertain this motion. In his papers filed below, De Jesus cited 28 U.S.C. § 2255 as the source of the district court's authority to vacate his conviction and the district court apparently proceeded under the assumption that it had power under that Section to grant De Jesus' motion. It did not. Section 2255 empowers a court to grant relief to persons now or soon to be in custody serving one of its sentences. Rule 1 of the *Rules Governing Section 2255 Proceedings in the U.S. District Courts.* It does not empower a court to grant relief to someone it has never sentenced, or to someone it has sentenced but whose sentence has expired. *United States v. Lavelle,* 194 F.2d 202 (2d Cir.1952); *United States v. Bradford,* 194 F.2d 197 (2d Cir.1952). De Jesus was in federal custody when he filed his motion— he remains incarcerated in a federal prison in Pennsylvania—but he was in custody pursuant to a sentence imposed by a district court in Puerto Rico, not by a district court in the Northern District of Illinois. The sentence imposed upon De Jesus by the district court for the Northern District of Illinois expired some seven years ago.

■ Notwithstanding Section 2255, the district court did not lose all power to grant De Jesus relief from his conviction when his sentence expired, and it was not required to exercise only that power Section 2255 gives it just because De Jesus invoked Section 2255 when he filed his motion. Congress has empowered federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Thirty years ago the Supreme Court decided that because of that provision, a federal district court has the power to vacate one of its judgments of conviction after the sentence for that conviction has expired when a constitutional right is at stake. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. The Court reasoned that prior to the passage of Section 2255 in 1948, federal courts had the power to issue what were referred to as writs of *coram nobis* to correct errors

"of the most fundamental character" and that Congress had not intended when it enacted Section 2255 to eliminate that power. *Id.* at 512, 74 S.Ct. at 253. For all that appears, see *e.g., Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508; *North Carolina v. Rice,* 404 U.S. 244, 247 n. 2, 92 S.Ct. 402, 405 n. 2, 30 L.Ed.2d 413 *Morgan* is still good law, and since De Jesus had a constitutional right not to be tricked into pleading guilty, the district court had jurisdiction to hear his motion.

■ The question next to be decided is whether given the facts of this case it was proper for the district court to decline to exercise that jurisdiction. Had De Jesus filed this motion ten years ago—assuming for the moment that the law governing review of Section 2255 motions was the same then as it is now—it would have been dismissed unless De Jesus had shown first, that his failure to appeal was excusable and second, that he would be better off than he was had the district judge sentenced him to five years instead of eight or had his attorneys not told him that he would be sentenced to five years if he pleaded guilty. In *Norris v. United States,* 687 F.2d 899 (7th Cir.1982), a panel of this Circuit decided as much when, following the Supreme Court's lead in *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816, it held that a § 2255 movant who has previously failed to appeal his conviction must show cause and prejudice before his motion will be entertained. This Court sitting *en banc* recently approved *Norris* and extended its holding to § 2254 motions by state prisoners. *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7 Cir.1983). There is no reason why De Jesus should not be required to make at least that same showing now. If anything, it would be more difficult at present for the government to respond to De Jesus' motion and try him if his conviction were set aside than it would have been ten years ago, federal interest in providing De Jesus another day in court is no greater now than ten years ago, and setting aside De Jesus' conviction now will have at least one consequence it would not have had

ten years ago—the district court in Puerto Rico would probably be required to resentence De Jesus. 21 U.S.C. § 841(b)(1). What's more, were De Jesus permitted now to make an attack upon his 1967 conviction that he would not have been permitted to make ten years ago, then in the future other federal prisoners might deliberately wait until after their sentences expire to challenge their convictions. The last thing this Court should do is create an incentive for delay by persons challenging criminal convictions.

Any injury stemming from his 16-year-old conviction that De Jesus now suffers, he suffers because of his delay in bringing this motion, not because he may have been told 16 years ago that he would be sentenced to five years but then was sentenced to eight. It is unlikely that reducing his sentence now would benefit him any; in fact, he probably lacks standing to seek that form of relief. See *Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508; *North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413. There is of course some chance that had he only received a five-year sentence the district court in Puerto Rico would have sentenced him to less than 30 years in prison. But the chance is remote at best. Had it wanted to, the Puerto Rico federal court could still have sentenced him to 30 years, and it is doubtful whether a three-year difference in the sentence he received in 1967 would have caused the Puerto Rico court to be more lenient. Reducing his sentence years ago while De Jesus was still serving it would have benefited him, but unless something prevented him from bringing this motion years ago he has no one to blame but himself for the alleged additional three years of custody. Maybe too, had he known when he pleaded guilty what he claims he did not know, that he might receive a sentence longer than five years, he would have pleaded not guilty, been tried, and acquitted. But again, De Jesus could have appealed his conviction or moved to withdraw his guilty plea years ago when it was still possible to try him, and had he done so, a court could have ordered that he be allowed to change his plea to not guilty. Unless something prevented his doing so, it is his own fault if because trial by jury is no longer feasible, it is now difficult for him to attack his conviction.

De Jesus claims that the reason he did not appeal his conviction and the denial of his motion to vacate his sentence is that he was afraid that if he did, the district court would punish him by increasing his sentence. De Jesus does not claim that he was afraid because of anything the judge that sentenced him had said or done. Instead, De Jesus says he was afraid because under the law as it existed in 1967, federal district judges were not required to give any reason for a decision to increase the term of imprisonment when they resentenced a criminal defendant. See *United States v. White,* 382 F.2d 445 (7th Cir.1967). That law changed two years after De Jesus was sentenced, see *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, and he claims that had it changed before he was sentenced, he would have appealed.

█ In the first place, the reason advanced by De Jesus does not explain why he waited another 14 years after the law changed to file this motion. Laches is a bar to the bringing of a motion for a writ of *coram nobis, United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 ("sound reasons existing for failure to seek appropriate earlier relief"); *United States v. Moore,* 166 F.2d 102 (7th Cir.1948), and to the bringing of a § 2255 motion. See Rule 9 of the *Rules Governing Section 2255 Proceedings in the U.S. District Courts.* Even were we to forgive his failure to appeal, De Jesus has given no reason to forgive his additional 14-year delay. In the second place, the reason De Jesus offers for not having appealed is not satisfactory. Had De Jesus thought the law governing resentencing procedures unfair in 1967, he could have challenged it in 1967, and had he done so, there is a chance, given that the law changed in 1969, that he would have won. Had De Jesus' liberty meant as much to him in 1967 as he now claims it did, he should have defended it better than he did.

 

It is not our job now to defend it for him. *Engle v. Isaac,* 456 U.S. 107, 130 and n. 36, 102 S.Ct. 1558, 1573 and n. 36, 71 L.Ed.2d 783.

The order denying De Jesus' motion to vacate sentence is affirmed.