UNITED STATES of America, Plaintiff,

v.

Harold Charles BOROM, Defendant.

No. 74–CR–42.

United States District Court,
E.D. Wisconsin.

Nov. 4, 1986.

Jan Kearney, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Harold Charles Borom, pro se.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On January 31, 1975, Harold Charles Borom entered a plea of guilty to one count of transporting a forged check across state lines. This plea was the result of a plea negotiation in which eleven other related counts against Mr. Borom, and all counts against his wife, were dismissed in exchange for his guilty please to count two of the indictment. Mr. Borom was subsequently convicted under 18 U.S.C. secs. 2314 & 2 and sentenced to serve five years in prison. This sentence was served concurrently with a 12 year term imposed by a Illinois court for another offense. Although Mr. Borom is currently incarcerated with respect to the latter term, he has completely served the five year term which I imposed pursuant to his guilty plea in 1975.

Mr. Borom has now returned to this court seeking a writ of error coram nobis on grounds that the indictment under which he was convicted and sentenced was defective. According to Mr. Borom, an actionable charge under 18 U.S.C. Sec. 2314 must state a value of transported securities in excess of $5,000. Although the 12 count Borom indictment alleged transportation of securities of aggregate value in excess of $5,000, count 2, the only count to which Mr. Borom pled guilty and for which he was sentenced, described a forged check with stated value of only $328.28.

Because I determine that Mr. Borom has misinterpreted the controlling paragraph of 18 U.S.C. Sec. 2314 to impose a $5,000 jurisdictional minimum, I find that no fundamental error was perpetrated with respect to Mr. Borom's conviction warranting coram nobis relief. I also find that Mr.

Borom's petition is barred by the doctrine of laches. Therefore, I deny his request for a writ of error coram nobis.

## Analysis

■ Mr. Borom correctly points out that because he has fully served his sentence in this matter, he is precluded from moving for relief under the federal habeas corpus statute, 28 U.S.C. sec. 2255. Although Mr. Borom is currently "in custody," as required for proceeding under the habeas corpus statute, the proper procedural vehicle for challenging a sentence, other than the one under which a federal prisoner is currently confined, is a writ of error coram nobis. *McFadden v. United States*, 439 F.2d 285, 286 (8th Cir.1971).

Relief from errors by writ of coram nobis, although abolished in civil matters by Rule 60(b), Federal Rules of Civil Procedure, remains available in criminal cases under the federal all-writs provision. 28 U.S.C. Sec. 1651(a). However, because of the substantial societal interest in finality of judgment, coram nobis relief is justified only in extraordinary circumstances and for errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252–53, 98 L.Ed. 248 (1954).

The court of appeals for the seventh circuit has imposed a limitation on the availability of these writs by explicitly ruling that the doctrine of laches applies to petitions for writs of error coram nobis. *United States v. Darnell*, 716 F.2d 479, 481 (7th Cir.1983). My review of this matter convinces me that Mr. Borom has failed to overcome either limitation: (1) His petition fails to describe an error of fundamental character, and (2) his petition is barred by the doctrine of laches.

■ Errors of fundamental character warranting coram nobis relief are those that cause the petitioner "actual prejudice." *United States v. Dellinger*, 657 F.2d 140, 144 n. 6 (7th Cir.1981). The coram nobis petitioner must, therefore, demonstrate that but for the alleged fundamental error, a more favorable judgment would have been rendered. In the instant case, Mr. Borom has failed to establish "actual prejudice" because it is not clear that there was, in fact, an error perpetrated with respect to his conviction. The government contends that the paragraph of sec. 2314 under which Mr. Borom was indicted, convicted and sentenced does not contain a $5,000 jurisdictional minimum.

■ 18 U.S.C. Sec. 2314 prohibits generally the transportation of certain stolen, fraudulently obtained, and forged property. The statute has five unenumerated paragraphs, each addressing a specific concern, and each separated by the conjunctive "or." The first and second paragraphs prohibit interstate transportation of stolen property, and such transportation in connection with fraudulent schemes. These paragraphs both provide that the value of the property or the amount of the fraud must be more than $5,000. The government asserts that Mr. Borom was charged and convicted pursuant to the third paragraph of sec. 2314. Neither paragraph three, which prohibits the interstate transportation of falsely made and forged securities, nor the remaining paragraphs of the statute contain value requirements.

There is some debate on the applicability of the $5,000 minimum to the entire statutory provision. The court of appeals for the seventh circuit has not spoken on this matter; however, the eighth circuit has held that "the third paragraph of sec. 2314 does not require a $5,000 minimum." *United States v. Buckles*, 495 F.2d 1377, 1379 (8th Cir.1974). In light of the conjunctions existing between each paragraph in sec. 2314, I am persuaded that the *Buckles* court interpretation is correct. Therefore, no $5,000 minimum was required in the Borom indictment at issue here.

Mr. Borom contends that his indictment was a charge under the second paragraph of the statute because only that paragraph describes the act of "causing to be transported," rather than actually transporting securities. According to Mr. Borom, the check described in count 2 of his indictment

was not actually transported by him, but only caused to be transported through the use of United Parcel Service.

Mr. Borom was indicted and pled guilty to an offense concerning the *forgery* of a check. Forgery offenses are covered only by the third paragraph of sec. 2314 and, therefore, I am satisfied that no $5,000 minimum applies.

■ Even if there was a defect in the indictment regarding the $5,000 jurisdictional minimum, my conclusion would be the same; Mr. Borom's petition is barred by the doctrine of laches. Mr. Borom waited nearly twelve years before raising this argument regarding his conviction. He failed to raise the issue on direct appeal or by way of post-conviction motion. His only excuses are that he only learned of the possible defect "recently," and that he had ineffective counsel at the time of his plea. These bald assertions fail to demonstrate the excusable neglect necessary to overcome laches considerations in light of the significant amount of time that has past since Mr. Borom was convicted under what he now alleges to be a faulty indictment.

As the Supreme Court admonished in the *Morgan* case: "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Morgan, supra,* 346 U.S. at 511, 74 S.Ct. at 252. The interests of justice are not offended by denying Mr. Borom's petition in this case.

Therefore, IT IS ORDERED that the defendant's application for writ of error coram nobis be and hereby is denied, with prejudice.