**UNITED STATES of America, Plaintiff,**

v.

**John RASCO, Defendant.**

**Nos. 87 C 9599, 69 CR 782.**

United States District Court,
N.D. Illinois, E.D.

Oct. 5, 1988.

Patrick Foley, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

John D. Rasco, Springfield, Mo., pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On May 24, 1973, petitioner John D. Rasco pled guilty to two counts of interstate transportation of forged securities in violation of 18 U.S.C. § 2314.[1] District Judge Richard B. Austin sentenced Rasco to six years in the custody of the United States Attorney General. Over fourteen years later, well after having served this sentence, Rasco filed this his third petition under 28 U.S.C. § 2255, seeking invalidation of both the original indictment and his guilty plea on three grounds: the indictment was defective, his plea was involuntary and trial counsel was incompetent. For the following reasons, the petition is denied.

### I.

Rasco seeks relief from his 1973 plea not to avoid the six-year prison term that he has already served but to obtain "credit" for that period of incarceration and thereby avoid another prison term arising out of a recent conviction in a wholly-unrelated criminal proceeding. A jury in the Central District of Illinois recently convicted Rasco of bribing a bank official in violation of 18 U.S.C. § 215, and the court sentenced him to five years in the custody of the Attorney General. The Seventh Circuit affirmed the conviction, *United States v. Rasco*, 853 F.2d 501 (7th Cir.1988), and Rasco is currently serving that sentence.

Rasco cannot obtain relief under § 2255 from a sentence by challenging an earlier sentence already-served that arose out of a different criminal proceeding. In *United States v. Correa–DeJesus*, 708 F.2d 1283 (7th Cir.), *cert. denied*, 464 U.S. 1010, 104 S.Ct. 530, 78 L.Ed.2d 712 (1983), the Seventh Circuit denied a § 2255 petition that was filed under similar procedural circumstances. The petitioner there pled

---

1. Section 2314. Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting

    \*  \*  \*  \*  \*  \*

    Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited;

    \*  \*  \*  \*  \*  \*

    Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

guilty in the Northern District of Illinois to two narcotics offenses and was sentenced to a period of incarceration. Nine years after his plea, and well after he had served the sentence, the petitioner was sentenced in a Puerto Rico district court to thirty years incarceration for new narcotics offenses. Petitioner, like Rasco here, then sought through a § 2255 petition in the Northern District of Illinois to overturn the first sentence in order to reduce the second. The Seventh Circuit held that a § 2255 petition is not the appropriate avenue for such relief: "Section 2255 ... does not empower a court to grant relief to someone it has never sentenced, or to someone it has sentenced but whose sentence has expired." *Id.* at 1285.

Rasco is not, however, without any avenue of relief. The Seventh Circuit recognized in *Correa–DeJesus* that a petitioner may challenge a sentence already-served by filing a writ under 28 U.S.C. § 1651.[2] 708 F.2d at 1285. A defendant who is not in custody within the meaning of § 2255 may challenge an earlier sentence through the extraordinary writ of error coram nobis. *United States v. Scherer*, 673 F.2d 176, 178 (7th Cir.), *cert. denied*, 457 U.S. 1120, 102 S.Ct. 2935, 73 L.Ed.2d 1334 (1982); *United States v. Dellinger*, 657 F.2d 140, 144 (7th Cir.1981). However, such writs are subject to the doctrine of laches by which the court may bar relief if petitioner filed the writ after significant delay and no "sound reasons [exist] for failure to seek appropriate earlier relief." *Correa–DeJesus*, 708 F.2d at 1286, *quoting United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). Thus, *Correa–DeJesus* holds that laches barred a petition filed sixteen years after sentencing when the petitioner failed to provide a satisfactory explanation for the delay.

We find that laches bars Rasco's petition. He waited fourteen years after pleading guilty to challenge his indictment and the performance of trial counsel.[3] Rasco appears to rely on his ineffective counsel claim to excuse the delay. We find this insufficient to overcome the doctrine of laches. First and foremost, the performance of counsel fourteen years ago, even if constitutionally deficient, does not excuse the petitioner's sitting on his claims throughout the fourteen years since. *United States v. Borom*, 646 F.Supp. 1104, 1106 (E.D.Wisc.1986) (barring coram nobis relief when petitioner waited twelve years to challenge his plea and sentence, was no longer incarcerated under that sentence and whose excuse for delay consisted solely of "bald assertions" of ineffective counsel).

Further, Rasco's charge of ineffective assistance of counsel lacks merit. In any ineffective counsel challenge to a guilty plea, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and "that there is a reasonable probability that, but for counsel's errors, [the accused] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Rasco has failed to meet either prong. Rasco contends that his indictment was defective since it failed to charge "unlawful and fraudulent intent," an essential element of the crime as defined in 18 U.S.C. § 2314, and counsel was incompetent in failing to challenge the indictment on that ground. We disagree. The absence of an express allegation of intent is not necessarily fatal to an indictment charging violations of 18 U.S.C. § 2314. *See, e.g., United States v. Emler*, 570 F.2d 584 (6th Cir.1977), *cert. denied*, 435 U.S. 927, 98 S.Ct. 1496, 55

---

**2.** Section 1651. Writs.

    (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

**3.** As in an earlier § 2255 motion, Rasco contends that his plea was entered involuntarily in

violation of Fed.R.Crim.P. 11. Having denied this claim once before, we deny it here as well in the absence of any new evidence or arguments calling our earlier decision into question. *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

L.Ed.2d 523 (1978) (holding that an indictment need not allege "unlawful or fraudulent intent" if it identifies § 2314 and charges the accused with transporting a bank check known to be forged or falsely made).

Even if his counsel's decision not to challenge the indictment was unreasonable, Rasco has not demonstrated the kind of prejudice necessary to sustain a claim of ineffective counsel. He has not shown that the government could not have withstood the challenge by appropriately amending the indictment and, more significantly, why he would have pled differently in the event such a challenge had some merit.[4]

## II.

### Conclusion

Without a meritorious ineffective counsel claim, Rasco has no excuse for delaying for fourteen years the challenges he now raises to the indictment and his guilty plea. Accordingly, laches bars relief, and the petition is denied. It is so ordered.

---

**4.** Rasco's failure to show how his plea or the court's sentence would have been different had counsel attacked the indictment on this questionable ground not only supports our finding that laches bars relief under a writ of error coram nobis but also provides an independent basis for denying the writ. Petitioner has failed to demonstrate that "but for the fundamental errors committed a more favorable judgment would have been rendered." *United States v. Darnell,* 716 F.2d 479, 481 n. 5 (7th Cir.1983), *cert. denied,* 465 U.S. 1083, 104 S.Ct. 1454, 79 L.Ed.2d 771 (1984).