**UNITED STATES of America, Plaintiff,**

**v.**

**Alfredo ALBA–ALVARADO, Defendant.**

No. 88 C 7204.

United States District Court,
N.D. Illinois, E.D.

Oct. 27, 1988.

---

Anton R. Valukas, U.S. Atty. by Zald-waynaka L. Scott, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Michael G. Logan, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This order concerns defendant Alfredo Alba–Alvarado's motion to vacate his January 1981 conviction for illegally entering the United States as a previously deported alien. For the reasons stated herein, Alba–Alvarado's motion is denied.

In September 1974, Alba–Alvarado was convicted of illegal entry into the United States and was sentenced to a term of forty-five days imprisonment. After serving his sentence, he appeared before a United States immigration judge on October 29, 1974, for a deportation hearing. The immigration judge ordered Alba–Alvarado deported to Mexico. Despite that order, Alba–Alvarado illegally reentered this country sometime in 1980. Under federal statute, unauthorized reentry into the United States by a previously deported alien constitutes a felony. 8 U.S.C. § 1326. In 1981, Alba–Alvarado was convicted for violating that statute and sentenced to a three-year prison term.

■ Presently, Alba–Alvarado requests that this court vacate his 1981 conviction pursuant to 28 U.S.C. § 2255. Section 2255, however, empowers the court to grant relief only to persons now or soon to be in custody. Rule 1 of the Rules Governing Section 2255 Proceedings For the United States District Courts, 28 U.S.C. foll. § 2255; *United States v. Correa–De Jesus,* 708 F.2d 1283, 1285 (7th Cir.1983). Alba–Alvarado does not fit that category; he has completed the sentence for his 1981 conviction. Therefore, 28 U.S.C. § 2255 does not grant the court jurisdiction to hear Alba–Alvarado's motion to vacate.

■ Nevertheless, the court finds that it has jurisdiction. When a constitutional right is at stake, the court has the power to vacate a conviction after the sentence for that conviction has expired. *U.S. v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954); *Correa–De Jesus,* 708 F.2d at 1285. This power derives from the court's authority to issue writs of *coram nobis* to correct errors "of the most fundamental character." *Id.* Construing Alba–Alvarado's motion as a petition for a writ of *coram nobis,* the court has jurisdiction to hear his request that the court vacate his 1981 conviction.

■ Alba–Alvarado claims that this court should vacate his conviction for illegal reentry because his 1974 deportation, on which the conviction was based, was secured by unconstitutional procedures

during his deportation hearing. At that hearing, Alba–Alvarado waived his right to request to voluntarily leave the United States in lieu of deportation. Alba–Alvarado maintains that the immigration judge did not fully and fairly inform him of any consequences of that waiver, including the possibility that his involuntary deportation could be used to support a felony conviction if he subsequently reentered the United States. According to Alba–Alvarado, the judge's failure to inform him of those consequences denied him his constitutional right to due process. Therefore, claims Alba–Alvarado, his 1974 deportation hearing cannot be used to support his 1981 conviction, and the conviction should be vacated.

Alba–Alvarado bases his argument on *United States v. Mendoza–Lopez*, 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). In *Mendoza–Lopez*, the Supreme Court ruled that a defendant prosecuted under 8 U.S.C. § 1326 for reentering the U.S. after being deported may collaterally attack the validity of his deportation hearing. *Id.* 107 S.Ct. at 2154–55. However, the Court held that collateral attack is available only where defects in the deportation hearing effectively eliminate the right of the alien to obtain judicial review of the determination made at the hearing. *Id.* Under these guidelines, the *Mendoza–Lopez* defendants were entitled to collaterally attack their deportation hearing. *Id.* at 2156. The Court found that during the hearing they made unconsidered and unintelligent waivers of their right to appeal the immigration judge's deportation determination. *Id.* These improper waivers resulted in their being denied their right to judicial review of that determination. *Id.*

In contrast, Alba–Alvarado does not make any argument that defects in his deportation hearing denied him his right to appeal the immigration judge's deportation determination. Although, like the *Mendoza–Lopez* defendants, Alva–Alvarado waived his right to appeal that determination, he does not contend that his waiver of that right was made improperly or invalidly. Under *Mendoza–Lopez*, Alba–Alvarado's failure to show that he was improperly denied his right to appeal the deportation determination precludes him from asserting a collateral attack against the deportation hearing.

In addition, the defect of which Alba–Alvarado complains does not amount to a deprivation of due process. Therefore, it cannot serve as a basis for a successful collateral attack on the deportation hearing. Decisions subsequent to *Mendoza–Lopez* underscore the fact that the threshold for establishing that a defendant was denied due process at his deportation hearing is quite high. *See United States v. Zaleta–Sosa*, 854 F.2d 48 (5th Cir.1988); *United States v. Palacios–Martinez*, 845 F.2d 89 (5th Cir.1988); *United States v. Polanco–Gomez*, 841 F.2d 235 (8th Cir. 1988). Defendant must show that the deportation hearing was fundamentally unfair. *Zaleta–Sosa*, 854 F.2d at 51; *Palacios–Martinez*, 845 F.2d at 92. "Failure to ensure that a potential deportee knows and fully understands each and every one of his rights under [Immigration and Naturalization Service] regulations is not a deprivation of fundamental fairness." *Palacios–Martinez*, 845 F.2d at 92.

■ In the instant case, the court finds that Alba–Alvarado was not denied due process merely because he was not informed of the consequences of his waiver of the opportunity to request to voluntarily leave the United States. Alba–Alvarado does not claim that there were any other defects in his deportation hearing. Moreover, Alba–Alvarado does not contend that he was prejudiced by the defect he raises. Alba–Alvarado only claims he had a right *to request* to voluntarily leave the country. He does not, and cannot, assert that he had the right to voluntarily depart. Under federal law, whether he could voluntarily depart rested within the discretion of the Attorney General. 8 U.S.C. § 1254(e). Therefore, even had he not waived his right to request voluntary departure, he still might have been deported. Thus, Alba–Alvarado cannot show that the defect in his deportation hearing prejudiced him. Accordingly, he was not denied due process. *See Palanco–Gomez*, 841 F.2d at 237 (de-

fendant must show prejudice to successfully collaterally attack a deportation hearing on due process grounds).

For the foregoing reasons, the court finds that Alba–Alvarado's 1974 deportation could be used as a basis for his 1981 conviction. Therefore, Alba–Alvarado's motion to vacate his 1981 conviction is denied.

IT IS SO ORDERED.