**UNITED STATES, Plaintiff,**

v.

**Allen G. THOMAS, Defendant.**

**No. 88 C 7464.**

United States District Court, N.D. Illinois, E.D.

Nov. 18, 1988.

---

Anton R. Valukas, U.S. Atty. by Stephanie L. Uhlarik, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Allen G. Thomas, pro se.

### ORDER

BUA, District Judge.

On November 4, 1987, after a jury trial before this court, defendant Allen G. Thomas was convicted of violating 18 U.S.C. § 922(g)(1), which proscribes the transporting of a firearm by a convicted felon. Thomas did not appeal his conviction. Pursuant to 28 U.S.C. § 2255, Thomas has now filed a motion to vacate, set aside, or correct his conviction and corresponding sentence. For the reasons stated herein, Thomas' motion is denied.

This court need not address the merits of the several grounds for relief which Thom-as sets forth. Thomas' failure to raise these challenges to his conviction by direct appeal bars him from asserting them in a § 2255 motion unless he can meet the cause and prejudice test. *United States v. Correa–De Jesus,* 708 F.2d 1283, 1285 (7th Cir.1983); *Norris v. United States,* 687 F.2d 899, 901 (7th Cir.1982). Under that test, Thomas must provide some cause for his failure to bring his claims in an appeal and show some prejudice resulting from that failure. Thomas cannot meet this test.

The only cause which Thomas asserts as justification for his failure to appeal is that his attorney allegedly informed him that he had no right to appeal. The record, however, establishes that Thomas was aware of his right to appeal. First, shortly after his trial, Thomas signed a form acknowledging and waiving his right to appeal. Secondly, the transcript of Thomas' sentencing proceedings indicates that this court personally informed Thomas of his right to appeal. Since these facts establish that Thomas was aware of his right to appeal, and since Thomas does not provide any other justification for his failure to appeal, he does not satisfy the first prong of the cause and prejudice test. Therefore, he is barred from asserting his grounds for relief and, accordingly, his motion is denied.