**Cecil L. LEWIS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 89–1762.**

United States Court of Appeals, Seventh Circuit.

Submitted March 22, 1990.

Decided May 15, 1990.

Rehearing and Rehearing En Banc Denied July 10, 1990.

Cecil L. Lewis, Indiana State Reformatory, Pendleton, Ind., petitioner-appellant pro se.

James G. Richmond, U.S. Atty., Office of the U.S. Atty., Hammond, Ind., for respondent-appellee.

Before CUDAHY and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

Cecil Lewis, a state prisoner, challenges in this proceeding under 28 U.S.C. § 2255 the validity of the guilty plea that he entered back in 1975 to a federal criminal charge. His grounds are that the judge failed to warn him that conviction might be

used to enhance the sentence that he would receive if he committed a future crime, and, a related point, that his counsel also failed to warn him of this possible consequence of a conviction. The consequence duly ensued. Long after his release in 1976 from federal prison, where he was serving the sentence imposed upon him for the offense to which he had pleaded guilty the year before, Lewis was convicted under Indiana's habitual offender statute, and it was the old federal sentence that made him a habitual offender under Indiana law and therefore subject to the harsh punishment meted out to such offenders.

■ Lewis has misconceived his remedy. His federal sentence having expired, he cannot challenge the conviction under section 2255 (the habeas corpus substitute for federal prisoners); he is no longer in custody under that sentence. *Maleng v. Cook,* — U.S. —, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (habeas corpus); *United States v. Correa–De Jesus,* 708 F.2d 1283, 1285 (7th Cir.1983). He can challenge it, however, by coram nobis, *id.* at 1285, because he "suffers an ongoing legal disability." *United States v. Bush,* 888 F.2d 1145, 1146 (7th Cir.1989). See also *United States v. Keane,* 852 F.2d 199, 204 (7th Cir.1988). The substantive standard may be the same, *id.* at 204–05; *United States v. Doe,* 867 F.2d 986, 989–90 (7th Cir.1989), and so we shall assume, and simply treat Lewis's 2255 motion as if it were a motion for a writ of coram nobis. Cf. *United States v. Bonansinga,* 855 F.2d 476, 478 (7th Cir.1988).

■ Coming, then, to the merits, today we join the circuits that have held that a district judge is not required by the due process clause (or by Fed.R.Crim.P. 11— not that violations of Rule 11, as such, can be complained of in habeas corpus or coram nobis proceedings) to warn the defendant that if he is convicted, and sentenced, and after serving his time goes back to committing crimes, the fact of his having been convicted may expose him to a more severe punishment for his future crime than if it were a first offense. *United States v. Woods,* 870 F.2d 285, 288 (5th Cir.1989) (per curiam); *United States v. Garrett,* 680 F.2d 64, 66 (9th Cir.1982); *United States v. Lambros,* 544 F.2d 962, 966 (8th Cir.1976). The warning is needless; everyone knows that second and subsequent offenders tend to be punished more heavily than first offenders. The warning is also premature. It is about a contingency that may not occur. It could even be viewed as an invitation to recidivism: "don't plead guilty, if you're planning to commit future crimes, because your conviction of this offense might be used to increase your punishment for future offenses."

■ By the same token (turning to the second ground of Lewis's challenge to his guilty plea), defense counsel does not violate his constitutional duty of minimally adequate representation when he fails to warn the defendant that one possible consequence of a guilty plea is a more severe sentence for a future crime. Our conclusion here follows *a fortiori* from our holding in *Santos v. Kolb,* 880 F.2d 941 (7th Cir.1989), that counsel is not required to warn his client that conviction may lead to deportation upon completion of the sentence. See also *United States v. George,* 869 F.2d 333, 338 (7th Cir.1989). Deportation is a consequence of *this* conviction; enhancement depends on the defendant's deciding to commit future crimes. And just as aliens know that the commission of crimes jeopardizes their right to remain in this country, so citizen defendants know that repeat offenders are punished more severely than first offenders. Guilty plea proceedings under Rule 11 are protracted enough as it is, without requiring judge and counsel to advise the defendant of the things that he already knows perhaps as well as they do.

AFFIRMED.