UNITED STATES of America,
Plaintiff/Respondent,

v.

William Edgar HAWKINS,
Defendant/Petitioner.

Criminal No. 79–CR–50007–JLF.
Civil No. 96–CV–4238–JLF.

United States District Court,
S.D. Illinois.

March 25, 1997.

William E. Hawkins, Greenville, IL, pro se.

### MEMORANDUM AND ORDER

FOREMAN, District Judge:

Before the Court is defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. After careful review, the Court concludes that defendant is not entitled to relief and that the motion must be denied.

### I. Background.

Defendant is currently serving a thirty-five year federal sentence pursuant to a 1992 conviction entered in Case No. 90–30067–WDS. Prior to this 1992 conviction, defendant pleaded guilty in 1979 to federal charges of concealing stolen goods. (See Case No. 79–50007–JLF, Judgement and Probation/Commitment Order filed November 9, 1979). Defendant's 1979 conviction resulted in a five-year sentence.

Defendant's current sentence was enhanced by three criminal history points assigned to the 1979 conviction. Defendant now asserts that the 1979 conviction was invalid and should not have been used to enhance his current sentence.

### II. Discussion.

■ Defendant is seeking to attack his 1979 conviction because it was used to enhance his sentence for the 1992 conviction. In other words, defendant is seeking to vacate, set aside, or correct the 1992 sentence, the sentence imposed in Case No. 90–30067–WDS. When defendant filed the instant § 2255 motion, however, he designated that it should be filed in the 1979 proceeding, Case No. 79–CR–50007–JLF (See Case No. 79–CR–50007–JLF, Motion filed 8/23/96).

Defendant may not use § 2255 to vacate, set aside, or correct the sentence imposed in 79–CR–50007–JLF. Although defendant does not clarify the point, it is clear from the passage of time that this five-year sentence has either been served or has expired. Consequently, defendant can no longer challenge that sentence under § 2255. *United States v. Rasco*, 697 F.Supp. 343, 344–45 (N.D.Ill. 1988); *United States v. Correa–DeJesus*, 708 F.2d 1283, 1285 (7th Cir.1983); *Lewis v. United States*, 902 F.2d 576 (7th Cir.1990).[1]

---

1. Defendant asserts that he may bring this § 2255 motion because he is still "in custody" with respect to the 1979 conviction because it was used to enhance his current federal sentence. The Court is well aware of the cases that allow derivative collateral review of convictions used to enhance current sentences. *See Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (collateral review of prior state convictions used to enhance federal sentence is available in limited circumstances); *Smith v. Farley*, 25 F.3d 1363, 1365–66 (7th Cir.1994) and *Tredway v. Farley*, 35 F.3d 288, 292 (7th Cir.1994) (for purposes of a § 2254 petition, "a person currently serving a sentence that was enhanced on the basis of a prior convic-

tion is still in custody [on the enhancing conviction], he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's custodial term has expired.")

Initially, the Court notes that the above-cited case law deals with the custody requirement only as it pertains to challenges to prior state convictions. The instant matter deals with two federal convictions and the availability of derivative collateral review under § 2255. The Seventh Circuit has not yet ruled on this issue in a published order. (For a discussion of the issues involved, *see Bernal v. Helman*, 958 F.Supp. 349, 353–54 (N.D.Ill.1997)). Secondly, defendant's assertion would be relevant had he designated his § 2255

In theory, defendant can challenge the 1979 sentence through the extraordinary "writ of error coram nobis." *Lewis*, 902 F.2d at 577; *Rasco*, 697 F.Supp. at 345 (citations omitted). The Seventh Circuit has recognized that a defendant may challenge an already served or expired sentence by filing for such a writ under Title 28 U.S.C. § 1651. *Rasco*, 697 F.Supp. at 345 (*citing Correa–DeJesus*, 708 F.2d at 1285). The substantive standard under § 1651 is the same as § 2255, thus, defendant's § 2255 motion will also be construed as if it were a motion for a writ of error coram nobis brought pursuant to 28 U.S.C. § 1651. *See Lewis*, 902 F.2d at 577 (citing *United States v. Keane*, 852 F.2d 199, 204 (7th Cir.1988) and *United States v. Doe*, 867 F.2d 986, 989–90 (7th Cir.1989)).[2]

A motion for a writ of error coram nobis, however, is subject to the doctrine of laches. *Rasco*, 697 F.Supp. at 345. In other words, a court may bar relief if the movant filed the writ after significant delay and no "sound reasons [exist] for failure to seek appropriate earlier relief." *Correa–DeJesus*, 708 F.2d at 1286 (*quoting United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954)). In *Correa–DeJesus*, for example, the Seventh Circuit held that laches barred a motion filed sixteen years after sentencing when the movant failed to provide a satisfactory explanation for the delay. *Correa–DeJesus*, 708 F.2d at 1286–87. *See also Rasco*, 697 F.Supp. at 345 (laches bars a motion filed fourteen years after entering a guilty plea).

In the instant case, defendant has waited sixteen years to challenge his 1979 sentence on the grounds he now asserts. He offers no explanation for the delay. Furthermore, he has had opportunities to raise at least some of these grounds before but has not done so. For example, in November 1980, defendant moved for a reduction in sentence pursuant to Fed.R.Crim.Proc. 35 and 45. (See Case No. 79–50007–JLF, Motion filed 11/26/80.) That motion did not raise any of the grounds that defendant now asserts. This Court denied the motion after finding that defendant had tendered to the court a photocopy of his Bureau of Prisons Progress Report which intentionally omitted a paragraph describing his assault of another inmate and the resulting revocation of good time credits by the Institutional Disciplinary Committee.

In addition, defendant has never directly appealed the 1979 conviction. Had he filed this § 2255 motion sixteen years ago, it would have been dismissed unless he had first shown that his failure to appeal was excusable. *See Correa–DeJesus*, 708 F.2d at 1285 (extending cause and prejudice requirement applicable to § 2255 and § 2254 to motions for writ of error coram nobis). Defendant offers no explanation for the delay, thus, his motion may be dismissed on this basis.

Even if defendant had offered an explanation for his sixteen-year delay, his motion still would not succeed. In 1979, defendant was indicted for Concealing Stolen Goods (Count 1), Transporting Interstate Stolen Goods (Counts 2, 3), and Possession of an Unregistered Firearm (Counts 4, 5). Defendant pleaded guilty to Count 1, and subsequently, the government moved to dismiss Counts 2, 3, 4 and 5.

One of defendant's grounds for challenging the 1979 sentence is that his plea of guilty to Count I was involuntary. He claims that it was made in response to the govern-

---

motion to be filed in the correct criminal proceeding, the proceeding in which the sentence he is seeking to challenge was imposed, Case No. 90–30067–WDS. Defendant is seeking to vacate, set aside, or correct the sentenced imposed in Case No. 90–30067–WDS because it was enhanced by the 1979 conviction. Defendant has designated the instant motion, however, to be filed in Case No. 79–50007–JLF. The 1979 sentence, having been served or expired, cannot now be challenged through § 2255.

**2.** Title 28 U.S.C. § 1651 empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The United States Supreme Court has decided that this provision gives federal district courts the power to vacate one of its judgments of conviction after the sentence for that conviction has expired when a constitutional right is at stake. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

ment's threat to prosecute his wife who had also been indicted.

■ A review of Case File No.79–50007–JLF indicates that the indictment against defendant's wife was indeed dismissed because of defendant's guilty plea to Count I. (See Case No. 79–50007–JLF, Motion to Dismiss Patricia J. Hawkins filed on 11/26/79). A review of the file also reveals, however, that in exchange for defendant's guilty plea to Count I, the government also agreed to dismiss Counts 2, 3, 4, and 5. (See Case No. 79–50007–JLF, Motion to Dismiss William E. Hawkins filed on 11/26/79). It was not improper for the government to negotiate the disposition of both the defendant's and his wife's cases on the basis of the defendant's plea. *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir.1988) ("A guilty plea is not constitutionally involuntary simply because it is the end result of the plea bargaining process"). During defendant's plea negotiations, his wife had already been indicted, and any threat that she would be prosecuted to the fullest extent will not support a claim of coercion. *Bontkowski,* 850 F.2d at 313 (*citing United States v. Diaz,* 733 F.2d 371 (5th Cir.1984); and *United States v. Usher,* 703 F.2d 956 (6th Cir.1983)).

■ Defendant also claims that the trial court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure by failing to inquire whether his guilty plea was the result of force or threats, or reflected prior discussions between the government and defense counsel. The Seventh Circuit has noted, however, that in collateral proceedings, a conviction will be vacated for a Rule 11 violation only if it amounts to "a fundamental defect which inherently results in a complete miscarriage of justice." *See United States v. Fels,* 599 F.2d 142, 149 n. 5 (7th Cir.1979) (*citing Carreon v. United States,* 578 F.2d 176, 179 (7th Cir.1978)). The record before the court is utterly devoid of anything suggesting a "fundamental defect" which resulted in a "complete miscarriage of justice." Consequently, defendant cannot prevail on his claim that his guilty plea was involuntary.

■ Defendant also attacks his 1979 sentence by claiming ineffective assistance of counsel. First, he claims that the information that was used to indict him came from confidential informants and that his counsel was ineffective for failing to file a motion to disclose these informants. Second, he claims that the search of his residence was based on a defective search warrant, and that his counsel was ineffective for failing to file a motion to suppress the evidence seized from the residence.

■ Defendant cannot prevail on his ineffective assistance of counsel claims. First, the performance of counsel sixteen years ago, even if constitutionally deficient, does not excuse defendant's sitting on his claims for sixteen years. *See Rasco,* 697 F.Supp. at 345 (*citing United States v. Borom,* 646 F.Supp. 1104, 1106 (E.D.Wis.1986)) (barring coram nobis relief when petitioner waited twelve years to challenge his plea and sentence, was no longer incarcerated under that sentence, and whose excuse for delay consisted solely of "bald assertions" of ineffective counsel). Second, defendant's ineffective assistance claims lack merit. With an ineffective assistance of counsel challenge to a guilty plea, defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and "that there is a reasonable probability that, but for counsel's errors, [the accused] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Defendant has failed to meet either of the standards set forth in *Hill v. Lockhart.* Even if counsel's failure to file a motion to disclose the informants and to suppress the evidence was unreasonable, defendant has not demonstrated the kind of prejudice necessary to sustain a claim of ineffective counsel. In particular, he has not alleged a reasonable probability that those motions would have succeeded. More significantly, he has not alleged that he would have pled differently had the motions been filed, and had they later succeeded. At bottom, defendant has failed to demonstrate that "but for the fundamental errors committed, a more favorable judgment would have been rendered." *United States v. Darnell,* 716 F.2d 479, 481 n. 5

(7th Cir.1983), *cert. denied,* 465 U.S. 1083, 104 S.Ct. 1454, 79 L.Ed.2d 771 (1984).

### III. *Conclusion.*

For the foregoing reasons, defendant's request for relief is DENIED. Defendant's motion is dismissed without prejudice with leave to refile it in Case No. 90–30067–WDS.[3]

**IT IS SO ORDERED.**

---

**3.** The Court notes that defendant has already filed one § 2255 motion in Case No. 90–30067–WDS. (See Case No. 90–30067–WDS, Docs. 460, 470, 471, 473). Defendant filed the instant motion on August 23, 1996, which is after April 24, 1996, the date of enactment of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub.L. No. 104–132 (to be codified at 28 U.S.C. §§ 2244(a), (b), 2255 (1996)). Prior to the AED-

PA, a motion for relief under § 2255 could be made "at any time." The AEDPA, however, now requires that a second or successive motion under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals ..." prior to proceeding in the district court. *See Antiterrorism and Effective Death Penalty Act,* Pub.L. No. 104–132, tit. I, § 105.