# IN THE COURT OF APPEALS OF IOWA

No. 17-0529
Filed February 20, 2019

**JEREMY JOSEPH SAUL,**
         Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
         Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

        Jeremy Saul appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

        Zachary S. Hindman of Mayne, Hindman, Daane & Parry, Sioux City (until withdrawal), and then Priscilla E. Forsyth, Sioux City, for appellant.

        Jeremy J. Saul, Leavenworth, Kansas, pro se.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

        Considered by Mullins, P.J., Bower, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Presiding Judge.**

In August 2015, Jeremy Saul pled guilty to charges of felon in possession of a firearm and possession of a controlled substance. Judgment and sentence were entered the same day. In October, he was charged with felon in possession of a firearm, additional drug charges, and carrying a dangerous weapon. In December, Saul was charged in federal court with possession of a firearm by a felon in relation to the acts that gave rise to the charges filed by the State in October. The State later dismissed its charges.

In January 2016, Saul filed an application for postconviction relief, raising various claims related to the August 2015 plea. The State moved for summary disposition pursuant to Iowa Code section 822.6 (2016). Saul filed a supplemental application, in which he argued his trial counsel rendered ineffective assistance in failing to (1) inform him of effects his guilty plea in a state criminal matter would have on sentencing in a federal criminal case and (2) file a motion to suppress evidence. The State responded with a supplemental motion for summary disposition. The court granted the State's motion for summary disposition as to both claims.

Saul appeals. He claims the supreme court's ruling "that counsel has an obligation to inform his or her client of all the adverse immigration consequences that counsel would uncover," *Diaz v. State*, 896 N.W.2d 723, 732 (Iowa 2017); *see also Padilla v. Kentucky*, 559 U.S. 356 (2010), should "be expanded to require that all criminal defense attorneys must advise all criminal defendants . . . of all certain and possible adverse collateral consequences of a guilty plea and conviction,"

namely that counsel should be required to advise a conviction could result in more severe punishment for future crimes.

We decline Saul's request to expand *Diaz* beyond its express terms and require that all defense attorneys advise criminal defendants that pleading guilty could have an effect on punishment for future crimes. A criminal defendant is not constitutionally entitled to a warning

> that if he is convicted, and sentenced, and after serving his time goes back to committing crimes, the fact of his having been convicted may expose him to a more severe punishment for his future crime than if it were a first offense. The warning is needless; everyone knows that second and subsequent offenders tend to be punished more heavily than first offenders. The warning is also premature. It is about a contingency that may not occur. It could even be viewed as an invitation to recidivism: "don't plead guilty, if you're planning to commit future crimes, because your conviction of this offense might be used to increase your punishment for future offenses."
> By the same token . . . , defense counsel does not violate his constitutional duty of minimally adequate representation when he fails to warn the defendant that one possible consequence of a guilty plea is a more severe sentence for a future crime.

*Lewis v. United States*, 902 F.2d 576, 577 (7th Cir. 1990) (citations omitted); *see also Dillon v. State*, No. 12-1200, 2013 WL 4011062, at *2 (Iowa Ct. App. Aug. 7, 2013) (noting, despite *Padilla*, that the "effect a plea might have on future criminal activity or a conviction" "need not be pointed out by the court or counsel"). We agree with the district court that counsel did not breach an essential duty and the State was therefore entitled to judgment as a matter of law. *See* Iowa Code § 822.6; *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (noting we "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief" (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015))). We affirm the grant of summary disposition on this claim.

In his pro se brief, Saul argues the district court erred in rejecting his claim that his trial counsel rendered ineffective assistance in failing to "pursue investigative techniques relevant to [his] defense" before allowing him to plead guilty. Counsel's performance in investigating the case was not raised or ruled upon in the district court, and therefore is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). To the extent Saul is challenging his attorney's effectiveness in relation to moving to suppress evidence obtained as a result of a search warrant, we agree with the district court's conclusion that pursuing the proposed course of action would have been meritless, and we affirm the grant of summary disposition on this claim. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) (noting a failure to register meritless motions or arguments does not amount to a breach of an essential duty).

We affirm the summary disposition of Saul's application for postconviction relief.

**AFFIRMED.**