**Donald Richard MAGHE,
Plaintiff-Appellant,**

**v.**

**UNITED STATES of America,
Defendant-Appellee.**

**No. 82–5198.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 1983.

Decided May 2, 1983.

Certiorari Denied June 27, 1983.
See 103 S.Ct. 3549.

Donald Richard Maghe, pro se.

A. Melvin McDonald, U.S. Atty., Susan A. Ehrlich, Phoenix, Ariz., for defendant-appellee.

Before FAIRCHILD *, HUG, and FARRIS, Circuit Judges.

PER CURIAM:

In 1956, Maghe pleaded guilty to transporting a stolen motor vehicle in interstate commerce. He was not represented by counsel. As a result of the 1956 conviction, he received an undesirable discharge from the Army. In 1981, the Army denied Maghe's request to upgrade his discharge.

Maghe then filed this action, which has been treated as a petition for writ of *coram nobis,* challenging the validity of the 1956 conviction. He alleges that the 1956 conviction violated his sixth amendment right to counsel. He believes that if he is successful in this action, the Army will upgrade his discharge and he will be eligible for various benefits.

The district court denied Maghe's petition without a hearing. We affirm.

To be entitled to a writ of *coram nobis,* Maghe must show that there are "sound reasons" for his failure to seek relief earlier. *United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). The district court properly denied Maghe's petition without a hearing because he failed to allege an adequate factual basis justifying his 25-year delay in seeking relief. *See United States v. Taylor,* 648 F.2d 565, 573 (9th Cir.), *cert. denied,* 454 U.S. 866, 102 S.Ct. 329, 70 L.Ed.2d 168 (1981). Maghe has known the nature of his discharge, and the reason for it, since 1956. His allegation that he had no reason to

* The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

challenge the conviction until 1981 when his request to upgrade his discharge was denied explains only his *motive* for now seeking relief. It does not explain the *reason* that he waited 25 years before seeking to upgrade a discharge that he allegedly knew should be upgraded. He has alleged no "sound reasons" for his failure to challenge the 1956 conviction earlier.

The district court's judgment is AFFIRMED.