995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael L. MONTALVO, Defendant-Appellant.
 No. 92-15668.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Montalvo, a federal prisoner, appeals pro se the denial of his petition for a writ of error coram nobis challenging his conviction by guilty plea for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Montalvo contends that the district court erred by finding that his petition was untimely and that he had failed to demonstrate his entitlement to coram nobis relief on any of the substantive grounds raised in the petition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the denial of a writ of error coram nobis. United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.1989); see United States v. Hirabayashi, 828 F.2d 591, 594 (9th Cir.1987).
 
 
 4
 Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), coram nobis relief is available to vacate a conviction for a petitioner who has fully served his sentence, but suffers from the lingering collateral consequences of an unconstitutional or unlawful conviction. Walgren, 885 F.2d at 1421; Hirabayashi, 828 F.2d at 604. Coram nobis is an extraordinary writ which will issue only where circumstances compel such action to achieve justice. Nicks v. United States, 955 F.2d 161, 167 (2nd Cir.1992); Hirabayashi, 828 F.2d at 604. The petitioner must demonstrate four factors: (1) a more usual remedy is not available; (2) valid reasons exist for not having attacked the conviction earlier; (3) sufficient adverse consequences exist from the conviction to avoid mootness; and (4) the error is of the most fundamental character. United States v. McClelland, 941 F.2d 999, 1002 (9th Cir.1991); Walgren, 885 F.2d at 1420; Hirabayashi, 828 F.2d at 604.
 
 
 5
 A petition for writ of coram nobis is of the same nature as a motion under 28 U.S.C. § 2255, Yasui v. United States, 772 F.2d 1496, 1499 (9th Cir.1985), and similarly is not subject to any statute of limitations, Hirabayashi, 828 F.2d at 605. Claims that could have been raised by direct appeal are outside the scope of the writ. United States v. Keane, 852 F.2d 199, 202 (7th Cir.1988), cert. denied, 490 U.S. 1084 (1989); see United States v. Darnell, 716 F.2d 479, 481 n. 5 (7th Cir.1983) (coram nobis petitioner must show "sound reasons" for failure to appeal, analogous to "cause and prejudice" showing required of habeas corpus petitioners), cert. denied, 465 U.S. 1083 (1984).
 
 
 6
 We have previously identified as valid reasons for delay a recent and fully retroactive change in the law, see Walgren, 885 F.2d at 1421, and discovery of new evidence which the petitioner could not have located earlier by due diligence, see Hirabayashi, 828 F.2d at 605 (forty-year delay excused because petitioner sought to vacate his conviction under wartime measures on the basis of a previously suppressed government report); cf. Nicks, 955 F.2d at 167 (remand to determine whether delay excused where petitioner alleged he was incompetent, indigent and imprisoned throughout 15-year period). By contrast, a delay is not justified if the petitioner was aware of a potential ground for relief earlier, but did not choose to pursue it. Maghe v. United States, 710 F.2d 503, 503-04 (9th Cir.) (desire to avoid recent collateral consequences of 25 year-old conviction was not a valid reason for delay), cert. denied, 462 U.S. 1212 (1983); see Klein v. United States, 880 F.2d 250, 254 (10th Cir.1989); United States v. Correa-De Jesus, 708 F.2d 1283, 1285-86 (7th Cir.) (coram nobis relief barred by laches where petitioner did not appeal, seek to withdraw plea or adequately explain 16-year delay), cert. denied, 464 U.S. 1010 (1983).
 
 
 7
 Here, on October 30, 1991, Montalvo filed a petition for writ of error coram nobis alleging violations of Fed.R.Crim.P. 11 in the taking of his guilty plea, ineffective assistance of counsel, and an invalid and unconstitutional waiver of indictment. The district court denied the petition on several grounds, including that it was "untimely under the circumstances." Montalvo had completed his sentence for the firearm conviction over a year earlier, but remained incarcerated for a subsequent conviction under 21 U.S.C. § 848 for engaging in a continuing criminal enterprise (CCE). To justify the delay, Montalvo contends that he was "stalled" by his attorney in challenging the firearm conviction, was subject to a large number of inter-prison transfers, and was busy defending his CCE prosecution. He also argues that the lack of time limitations for coram nobis relief and the forty-year delay excused in Hirabayashi support the timeliness of his petition.
 
 
 8
 Nevertheless, Montalvo indicated in his petition for coram nobis relief that he was aware of grounds for challenging his guilty plea within a couple of days after sentencing. The record shows that he filed a notice of appeal, but then moved for its voluntary dismissal on October 28, 1990, after his attorney secured a six-month reduction in his three-year sentence. He offers no support for the claim that his attorney delayed him from seeking to withdraw the guilty plea, which in any case would not excuse Montalvo's failure to seek collateral relief while serving his sentence. Although Montalvo was transferred numerous times between prisons, he experienced several uninterrupted periods during which he might have sought collateral relief, including an eight-month interval from March 15 to November 17, 1988, a six-month interval from March 22 to September 26, 1989, and a twenty-two month interval from February 1, 1990 to October 30, 1991, when he filed the petition for coram nobis relief. Further, while Montalvo did file a lengthy pro se brief appealing his CCE conviction on October 17, 1991, he was represented by counsel during the district court prosecution of that case, and also found time during the relevant period to conduct a variety of cases pro se, including tax, forfeiture and harassment suits and an unsuccessful collateral attack on a 1976 guilty plea conviction for which he had long ago completed his sentence.
 
 
 9
 These facts show that Montalvo was aware of potential grounds for challenging his firearm conviction, but simply did not pursue them during those times when he had the opportunity. See Klein, 880 F.2d at 254; Maghe, 710 F.2d at 503-04; Correa-De Jesus, 708 F.2d at 1285-86. He could have directly appealed the alleged violations of Rule 11 and invalid waiver of indictment, yet offers no sound reason for his failure to do so. See Keane, 852 F.2d at 202; Darnell, 716 F.2d at 481. Moreover, with respect to the remaining claim of ineffective assistance of counsel, Montalvo's understandable preoccupation with his various cases does not compare with other justifications for delay such as a change in the law or discovery of new evidence.[1] See Walgren, 885 F.2d at 1421; Hirabayashi, 828 F.2d at 604. In particular, Montalvo's challenge to the 1976 conviction at a time when he was still incarcerated for the firearm conviction reflects a lack of due diligence in challenging the latter. See Klein, 880 F.2d at 254; Hirabayashi, 828 F.2d at 605. Accordingly, the district court did not err by denying Montalvo's petition for a writ of error coram nobis as untimely. See, e.g., Maghe, 710 F.2d at 503-04; Correa-De Jesus, 708 F.2d at 1285-86. In light of Montalvo's failure to establish that he meets this condition for coram nobis relief, we do not consider the substantive issues raised in his petition.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider Montalvo's claim, raised for the first time in his reply brief, that he petitioned for coram nobis relief shortly after discovering new evidence related to the firearm conviction. See Eckert v. Tansy, 936 F.2d 444, 450 n. 5 (9th Cir.1991) (declining to consider issues not raised in habeas petition to district court); Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (same)
 
 
 [2]
 We are informed that Montalvo received the legal materials he requested in a motion filed on December 31, 1992. We therefore grant his motion of January 26, 1993, requesting voluntary withdrawal of the earlier motion as moot