ORDER DENYING PETITIONER’S WRIT OF ERROR CORAM NOBIS BACKGROUND
 

 KAY, District Judge.
 

 The Record in this case indicates that on November 25, 1986, Robert Martinez (“Petitioner”), was indicted for importing and possessing with intent to distribute heroine from Thailand. After a jury trial, Defendant was convicted on all five counts, and Judge Fong sentenced Petitioner to 20 years imprisonment on April 6,1987.
 

 The Record further indicates that Defendant appealed this conviction, arguing that he had not waived Ms Constitutional right to testify at trial. The Ninth Circuit rejected Petitioner’s contention and affirmed his conviction.
 
 See United States v. Martinez,
 
 883 F.2d 750 (9th Cir.1989).
 

 The Ninth Circuit subsequently vacated this opinion, however, on Magistrate jury selection grounds.
 
 [1]
 

 See United States v. Martinez,
 
 928 F.2d 1470 (9th Cir.1991). In anticipation that the Ninth Circuit would issue a Mandate reversing Defendant’s conviction and authorizing a retrial, on October 11, 1991, the Government formally requested that the Bureau of Prisons transfer Petitioner back to Hawaii for a trial resetting conference to be held on November 13, 1991.
 
 See
 
 Gov’s Opp.Mem., Ex. 5, at 31.
 

 Petitioner was transferred to Hawaii to attend the November 13, 1991, trial setting conference, but the district court could not proceed at that time, as the Ninth Circuit had not yet issued a Mandate authorizing reversal of Petitioner’s conviction. Magistrate Judge Tokairin indicated that the trial resetting conference would be rescheduled when the Mandate was received.
 
 See
 
 Decl. of Kawahara, dated Dec. 2, 1992, Gov’s Opp.Mem.Ex. 5, at 11,1Í 6.
 

 The Record indicates that on February 19, 1992, the Ninth Circuit issued its Mandate erroneously
 
 affirming
 
 Petitioner’s conviction.
 
 [2]
 

 See
 
 Gov’s Opp.Mem., Ex. 5, at 27. The Mandate expressly referenced the Ninth Circuit opinion dated August 23, 1989. The Mandate provided: “It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.”
 

 In a Declaration of Counsel, Assistant U.S. Attorney Michael Kawahara explained his subsequent attempts to correct the Ninth Circuit error:
 

 I was advised that the Clerk’s Office of this Court telephonieally contacted the Ninth Circuit on a number of occasions in the ensuing months to get clarification. I am further advised that in these calls, the Ninth Circuit advised this Court’s Clerk’s Office that this Mandate ... was the correct one. I myself tele-
 
 *1074
 
 phonically contacted the Ninth Circuit Clerk’s Office several times, and was advised after explaining the situation that that office would get back to me (the office did not get back to me).
 

 On July 27, 1992 — after having not received any telephonic response from the Ninth Circuit — -I drafted and dispatched a letter to the Ninth Circuit reiterating the appellate history of this case and requesting the issuance of the proper Mandate reversing defendant’s conviction, such that retrial proceedings could be commenced before the District Court.
 

 Deck of Kawahara, dated Dec. 2, 1992, Gov’s Opp.Mem.Ex. 5, at 12, UK 8-9,
 

 The Record shows that on November 12, 1992, the Ninth Circuit issued an Amended Mandate, which reversed Defendant’s conviction based upon the Ninth Circuit’s Order dated April 9, 1991: “It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is REVERSED.”
 
 See
 
 Gov’s Opp.Mem.Ex. 5, at 30. The District Court received and filed the Amended Mandate on November 17, 1992.
 

 On that same day, Petitioner filed a Motion to Dismiss Indictment on Remand with Prejudice, claiming that the Speedy Trial Act was violated because Petitioner’s retrial did not occur within seventy (70) days after the issuance of the Ninth Circuit’s Mandate affirming his conviction.
 
 [3]
 
 In an Order issued December 16, 1992, Judge Fong denied Petitioner’s Motion, holding that the issuance date of the Ninth Circuit’s Amended Mandate was the correct starting date for the seventy (70) day period under the Speedy Trial Act: “This Court could do nothing to implement defendant’s retrial until this Amended Mandate [was] issued.”
 
 See
 
 Order Denying Def. Martinez’s Mot. to Dismiss Indict, on Remand with Prej., issued Dec. 16, 1992, Gov’s Opp.Mem.Ex. 7, at 3-4.
 

 Subsequently, Petitioner pled guilty, explicitly reserving the right to appeal the District Court’s Order denying his Motion to Dismiss.
 
 See
 
 Mem. of Plea Agree., Gov’s Opp.Mem.Ex. 8, at K 3(b). On June 16, 1993, Judge Fong sentenced Petitioner to twelve years imprisonment.
 
 [4]
 

 See
 
 Gov’s Opp.Mem.Ex. 9. Petitioner did not appeal this sentence. Petitioner was released from imprisonment on October 1, 1993.
 

 Petitioner was subsequently convicted, after a jury trial, of conspiracy to distribute/possess with intent to distribute more than 1,000 grams of methamphetamine and substantive possession with intent to distribute said drug. On February 24, 1997, Judge Ezra sentenced Petitioner to life imprisonment without the possibility of parole, pursuant to 21 U.S.C. § 841(b)(1)(A).
 
 [5]
 
 Defendant is currently serving this life sentence.
 

 On January 18, 2000, Petitioner filed a Petition for a Writ of Error Coram Nobis. Petitioner argues that his Indictment in the subject case should be dismissed for violations of the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq.
 

 The Government filed a Memorandum in Opposition on March 2, 2000, claiming that (1) Defendant has failed to satisfy the four criteria to qualify for coram nobis relief; (2) the doctrine of equitable laches bars Petitioner’s belated claims; and (3) Petitioner is not entitled to relief because the
 
 *1075
 
 District Court correctly ruled that the Speedy Trial Act was not violated.
 

 STANDARD
 

 Although Federal Rule of Civil Procedure 60(b) expressly abolishes the writ of coram nobis in civil cases, this extraordinary writ still provides a remedy in criminal proceedings where no other relief is available and sound reasons exist for failure to seek appropriate earlier relief. Nee
 
 United States v. Morgan,
 
 346 U.S. 502, 505 n. 4, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (holding that district courts may issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)); see
 
 also James v. United States,
 
 459 U.S. 1044, 103 S.Ct. 465, 74 L.Ed.2d 615 (1982) (opinion of Justice Brennan supporting denial of petition for writ of certiorari explaining purpose of coram nobis). In
 
 Morgan,
 
 the Supreme Court held that coram nobis relief is available to challenge the validity of a conviction, even though the sentence has been fully served,
 
 Morgan,
 
 346 U.S. at 503-04, 74 S.Ct. 247, “under circumstances compelling such action to achieve justice.”
 
 Id.
 
 at 511, 74 S.Ct. 247.
 

 To receive coram nobis relief, a petitioner must demonstrate four factors: “(1) a more usual remedy is not available; (2) valid reasons exist for not having attacked the conviction earlier; (3) sufficient adverse consequences exist from the conviction to avoid mootness; and (4) the error is of the most fundamental character.”
 
 Hirabayashi v. United States,
 
 828 F.2d 591, 604 (9th Cir.1987);
 
 accord, McKinney By and Through McKinney v. United States,
 
 71 F.3d 779, 781 (9th Cir.1995). The writ allows a court to vacate a judgment for errors of fact,
 
 Hirabayashi,
 
 828 F.2d at 604, as well as for “egregious legal errors,”
 
 Yasui v. United States,
 
 772 F.2d 1496,1499 n. 2 (9th Cir.1985).
 

 Coram nobis relief “is not available to litigate issues already litigated.”
 
 Klein v. United States,
 
 880 F.2d 250, 254 n. 1 (10th Cir.1989);
 
 See also United States v. Montalvo,
 
 995 F.2d 234, 1993 WL 181381 (9th Cir. May 27, 1993) (unpublished). Rather, “it is reserved for claims which have yet to receive their first disposition,”
 
 id.,
 
 and “[c’Jlaims that could have been raised by direct appeal are outside the scope of the writ.”
 
 United States v. Keane,
 
 852 F.2d 199, 202 (7th Cir.1988), citing
 
 United Stales v. Mayer,
 
 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914).
 

 DISCUSSION
 

 First, the Court notes that it finds that this motion is suitable for decision without a hearing because Petitioner’s motion does not succeed even if the facts presented by Petitioner are true.
 
 See
 
 L.R. 7.2(d).
 
 Cf. Shah v. United States,
 
 878 F.2d 1156, 1158 (9th Cir.1989) (hearing not required for 28 U.S.C. § 2255 petition where allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal).
 

 Petitioner has failed to satisfy the requirements for coram nobis relief. First, although Petitioner meets the first element — that a more usual remedy is not available — Petitioner fails to meet the second requirement to qualify for coram nobis relief by demonstrating that valid reasons exist for not having attacked the conviction earlier. Petitioner clearly had “a fair opportunity to present his federal claims to a federal forum.”
 
 United States v. Johnson,
 
 988 F.2d 941, 945 (9th Cir.1993);
 
 see also United States v. Frady,
 
 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (“Once the defendant’s chance to appeal has been waived or exhausted, ... we are entitled to presume he stands fairly and finally convicted, especially when ... he already has had a fair opportunity to present his federal claims to a federal forum.”). Here, Petitioner failed to appeal the District Court’s decision on his Speedy Trial rights, neglected to file a § 2255 petition, did not attack his 1986 conviction when later sentenced for a subsequent convic
 
 *1076
 
 tion, and has waited over six years to file the instant motion.
 

 The Court notes that claims that could have been raised by direct appeal are outside the scope of the writ.
 
 Klein v. United States,
 
 880 F.2d 250, 254 (10th Cir.1989);
 
 United States v. Keane,
 
 852 F.2d 199, 202 (7th Cir.1988);
 
 see also United States v. Montalvo,
 
 995 F.2d 234, 1993 WL 181381 (9th Cir. May 27, 1993) (unpublished);
 
 United States v. Darnell,
 
 716 F.2d 479, 481 n. 5 (7th Cir.1983) (holding that coram nobis petitioner must show “sound reasons” for failure to appeal, analogous to “cause and prejudice” showing required of habeas corpus petitioners). The Ninth Circuit has determined that a recent and fully retroactive change in the law constitutes a valid reason for delay,
 
 see United States v. Walgren,
 
 885 F.2d 1417, 1421 (9th Cir.1989), and discovery of new evidence that the petitioner could not have located earlier by due diligence,
 
 see Hirabayashi v. United States,
 
 828 F.2d 591, 594 (9th Cir.1987), 828 F.2d at 605 (excusing a forty-year delay because petitioner sought to vacate his conviction under wartime measures on the basis of a previously suppressed government report). By contrast, a delay is not justified if the petitioner was aware of a potential ground for relief earlier, but did not choose to pursue it.
 
 See, e.g., Klein
 
 880 F.2d at 254;
 
 Maghe v. United States,
 
 710 F.2d 503, 503-04 (9th Cir.1983) (finding desire to avoid recent collateral consequences of 25 year-old conviction not valid reason for delay);
 
 United States v. Correa-De Jesus,
 
 708 F.2d 1283, 1285-86 (7th Cir.1983) (finding coram no-bis relief barred by laches where petitioner did not appeal, seek to withdraw plea or adequately explain 16-year delay).
 

 Here, Petitioner argues that his medical problems kept him from previously attacking his previous conviction. Specifically, Petitioner contends that he had a four vessel coronary bypass operation, underwent cardiac catheterization, was plagued with problems with his spine that at times kept him immobile, and has had ulcers, all of which prevented him from taking any action regarding his former conviction.
 

 Although this Court is sympathetic to Petitioner’s medical condition, a delay of over six years in seeking the writ seems undue.
 
 See Klein,
 
 880 F.2d at 254 (noting that exercising “due diligence in seeking the writ” is “a prerequisite to relief’). Petitioner’s medical records indicate that Petitioner had a coronary bypass graft and cardiac catheterization in January of 1994,
 
 after
 
 he completed his sentence for the 1986 conviction that he currently attacks. At that time, Petitioner also suffered from an ulcer, but denied any other major illnesses or operations.
 
 See
 
 Report of Dr. Grattan dated 1/11/94, Pet’s Mot.Ex. A at 12. Thus, Petitioner’s unfortunate medical ailments do not supply him with justification for the delay in seeking relief prior to this time.
 

 There are a number of ways Petitioner could have sought relief prior to January of 1993. First, Petitioner could have appealed the District Court’s denial of his pretrial dismissal motion, which rests upon the same Speedy Trial argument that Petitioner makes in the instant motion.
 
 [6]
 
 Petitioner failed to do so, despite that his heart problems commenced well after the time period lapsed within which he could have filed such an appeal.
 

 After Petitioner was sentenced, he could have filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After Petitioner’s release, he could have requested coram nobis relief. Petitioner filed no such motions.
 

 Furthermore, when Petitioner was sentenced in connection with the 1996 indictment, the Government relied upon his 1986 drug conviction to seek a mandatory, life
 
 *1077
 
 imprisonment sentence. Defendant did not contest the validity of this conviction at such time, although he could have, pursuant to 21 U.S.C. § 851.
 

 These facts show that although Petitioner was aware of the potential grounds for challenging his 1986 conviction, he simply did not pursue them during those times when he had the opportunity. This precludes the availability of coram nobis relief.
 
 [7]
 

 See Klein,
 
 880 F.2d at 254;
 
 Maghe,
 
 710 F.2d at 503-04;
 
 Correa-De Jesus,
 
 708 F.2d at 1285-86.
 

 Even if Petitioner had offered an acceptable explanation for his six-year delay, however, his motion still would not succeed, as Petitioner does not allege any facts arguably showing a complete miscarriage of justice or circumstances compelling relief to achieve justice. Petitioner is simply incorrect in his assertion that the correct starting date for the seventy (70) day period under the Speedy Trial Act is February 19, 1992. The Ninth Circuit did not issue its Mandate
 
 reversing
 
 Petitioner’s conviction until November 12, 1992; the February 19, 1992 mandate
 
 affirmed
 
 Petitioner’s conviction. Thus, the 70-day period began on November 12,1992.
 

 18 U.S.C. § 3161(e) of the Speedy Trial Act provides:
 

 If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.
 

 A decision becomes final for purposes of a retrial on the date the appellate court issues its mandate.
 
 See United States v. Lloyd,
 
 125 F.3d 1263, 1265 (9th Cir.1997).
 

 Here, the Ninth Circuit issued its mandate
 
 reversing
 
 Petitioner’s conviction on November 12, 1992. The February 19, 1992, Mandate did not remand Petitioner’s case to the District Court. As Judge Fong noted in the Order Denying Defendant Martinez’s Motion to Dismiss Indictment on Remand with Prejudice, issued December 16, 1992, the District Court “could do nothing to implement defendant’s retrial until ["the] Amended Mandate [was] issued.”
 
 See
 
 Order at 3-4, Gov’s Mem. Opp.Ex 7. Thus, the District court correctly determined that “November 12, 1992— that is, the issuance date of the Ninth Circuit’s Amended Mandate — is the correct starting date for seventy (70) day period under the Speedy Trial Act.”
 
 Id.
 
 This time period did not elapse as of December 14, 1992, when the district court heard Petitioner’s Motion to Dismiss.
 
 [8]
 

 
 *1078
 
 The Speedy Trial Act by its own terms does not impose any time limitations on appellate court proceedings and any potential delay associated therewith.
 
 See United States v. Felton,
 
 811 F.2d 190, 198 (3d Cir.1987) (holding that delay attributable to the appellate process does not count for purposes of Speedy Trial Act).
 

 CONCLUSION
 

 For these reasons, the Court DENIES Petitioner’s Writ of Error Coram Nobis. IT IS SO ORDERED.
 

 [1]
 

 . Jury selection was conducted by a magistrate, rather than a district judge. The Supreme Court later determined that such practice violated the Federal Magistrates Act.
 
 See Gomez v. United States,
 
 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989);
 
 United States v. France,
 
 886 F.2d 223 (9th Cir.1989),
 
 aff'd without opinion,
 
 498 U.S. 335, 111 S.Ct. 805, 112 L.Ed.2d 836 (1991) (per curiam).
 

 [2]
 

 . The Ninth Circuit's Mandate was not the Mandate for the
 
 reversal
 
 of Defendant’s conviction; rather, it erroneously purported to be the Mandate of the earlier Ninth Circuit affir-mance of Petitioner's conviction.
 

 [3]
 

 . Petitioner repeats the very same argument in the instant motion for coram nobis relief.
 

 [4]
 

 . Although Petitioner subsequently faced other charges for which he is currently serving a mandatory life sentence, it is the conviction that stemmed from his 1986 indictment which is currently at issue (hereinafter, "1986 conviction").
 

 [5]
 

 . At the sentencing hearing, Defendant did not contest his prior 1986 drug conviction, although it was one of the predicate convictions authorizing the enhanced life imprisonment sentence.
 

 [6]
 

 . In his Plea Agreement dated May 10, 1993, Petitioner expressly reserved the right to appeal the District Court’s denial of his pretrial dismissal motion. Counsel for Petitioner argued this motion before the Court in Petitioner’s presence on December 14, 1992 (at which time the District Court denied the motion).
 

 [7]
 

 . For the doctrine of laches to bar Petitioner's complaint, the government must first make a prima facie showing of prejudice as a result of Petitioner’s delay.
 
 See Telink, Inc. v. United. States,
 
 24 F.3d 42, 47 (9th cir.1994). If the government meets that burden, the burden of production of evidence then shifts to the petitioner to show either that the government actually was not prejudiced or that petitioner exercised reasonable diligence in filing the claim.
 
 See id.
 
 The Government’s inability to effectively mount a retrial suffices to demonstrate prejudice.
 
 Id.
 
 Here, the heroin evidence as well as other relevant, non-drug evidence recovered during the original investigation were destroyed or otherwise disposed of upon the close of the investigation in 1994.
 
 See
 
 Lawson Deck 11113(a) -(b), Gov’s Mem. Opp. The Government lias thus met its burden of showing prejudice. As discussed above, Petitioner has failed to show that he exercised reasonable diligence in filing his claim; nor has Petitioner demonstrated that the Government was not prejudiced by the delay.
 

 [8]
 

 . The seventy-day period had not elapsed. Petitioner waived any Speedy Trial Rights after that point in time upon entering his plea of guilty.
 
 See United States v. Bohn,
 
 956 F.2d 208, 209 (9th Cir.1992). Petitioner's plea agreement reserved only the right to appeal the Order Denying Defendant Martinez’s Motion to Dismiss Indictment on Remand with . Prejudice, issued December 16, 1992.