FILED
United States Court of Appeals
Tenth Circuit

March 5, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

HAROLD VINCENT ROBINSON,

      Defendant – Appellant.

No. 14-4105
(D.C. No. 2:01-CR-00267-DAK-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Harold Robinson appeals the denial of his petition for a writ of coram nobis.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

      * After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Robinson pled guilty to possession of a short-barreled shotgun in 2001. In his plea agreement, Robinson waived his right to file a motion to suppress regarding the search that uncovered the gun at issue. He is no longer in federal custody or under court supervision. On April 22, 2014, he filed a petition for a writ of coram nobis, alleging that his plea was involuntary due to ineffective assistance of counsel. Robinson contended that his counsel was ineffective because she did not adequately investigate the facts surrounding the search prior to advising Robinson to waive his right to suppress. The district court denied his petition. Robinson timely appeals.

# II

Federal courts may "entertain coram nobis applications in 'extraordinary cases presenting circumstances compelling its use to achieve justice.'" Rawlins v. Kansas, 714 F.3d 1189, 1196 (10th Cir. 2013) (quoting United States v. Denedo, 556 U.S. 904, 912-13 (2009)). The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quotations and alteration omitted). In seeking this writ, "the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). We

review a district court's denial of a writ of coram nobis for abuse of discretion. <u>United States v. Thody</u>, 460 F. App'x 776, 778 (10th Cir. 2012) (unpublished) (citing <u>United States v. Mandanici</u>, 205 F.3d 519, 524 (2d Cir. 2000)).

The exercise of due diligence in seeking a writ of coram nobis is "a prerequisite to relief." <u>Klein</u>, 880 F.2d at 254. On appeal, Robinson contends that any failure to pursue the writ or other remedies is excusable because he did not learn of his counsel's alleged ineffective assistance until he consulted a different attorney about his case in March 2014. But Robinson admits that, even at the time of his plea deal, he was aware of a possible legal issue regarding the search. Despite this awareness, he agreed to the plea deal and failed to pursue any post-conviction relief for over a decade. Robinson thus did not exercise due diligence. <u>See</u> <u>id.</u> (determining that a seven-year delay in seeking a writ of coram nobis was a failure of due diligence). Although we recognize the burdensome collateral consequences of Robinson's conviction, belated recognition of these consequences cannot excuse his delay in challenging the conviction itself. <u>See</u> <u>Maghe v. United States</u>, 710 F.2d 503, 503-04 (9th Cir. 1983).

Because Robinson failed to exercise due diligence, which is a procedural prerequisite for seeking the writ of coram nobis, we do not reach the substance of his ineffective assistance of counsel claim. In light of Robinson's failure to pursue other remedies or forms of relief within a reasonable time, we cannot say that the district court abused its discretion in denying the petition.

**III**

The district court order is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge
