**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID GODWIN FRANK,

    Defendant - Appellant.

No. 24-4021
(D.C. No. 2:08-CR-00822-CW-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.[**]
_____

David Godwin Frank petitioned for a writ of coram nobis, asking the district

court to vacate his false statement conviction. The district court denied the petition,

and we affirm.

In late 2003, Mr. Frank provided false information to obtain three loans. This

included fabricating a pay stub used to verify his falsely stated income. He later

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

defaulted.  Five years later, in December 2008, a grand jury charged Mr. Frank with three counts of bank fraud in violation of 18 U.S.C. § 1344.  Two years later, Mr. Frank negotiated a plea agreement by which he pled guilty to a superseding felony information charging him with a single count of aiding and abetting a false statement in violation of 18 U.S.C. §§ 1001 and 1002.  In exchange for the plea, the government dismissed the three bank fraud counts, recommended a reduction for acceptance of responsibility, and recommended a sentence at the low end of the guideline range.

The district court sentenced Mr. Frank to 120 days in a work release program and 36 months of supervised release.  He did not file a direct appeal.  Mr. Frank was released from Bureau of Prisons Custody on March 28, 2013.[1]

Beginning on April 17, 2014, Mr. Frank unsuccessfully moved the district court four times to vacate his conviction, arguing that the 2008 indictment was filed beyond the general 5-year federal criminal statute of limitations, 18 U.S.C. § 3282, and attributing his failure to earlier raise this defense to ineffective assistance of counsel.

In 2017, he filed a pro se "motion for relief from judgment."  The district court construed the motion as a petition for relief under 28 U.S.C. § 2255 and denied it on

---

[1] Mr. Frank twice violated the terms of his supervised release.  The first time, he received six months imprisonment followed by 24 months of supervised release.  For his second violation, he received 10 months imprisonment with no subsequent supervision.

the grounds it lacked jurisdiction due to the untimeliness of Mr. Frank's motion and because he was no longer a prisoner in federal custody.

In the motion underlying this appeal, Mr. Frank asked the district court to issue a writ of coram nobis vacating his conviction on the same substantive grounds. The district court denied relief, reasoning Mr. Frank's "substantial unjustified [nine year] delay in bringing his petition constitutes a lack of due diligence and, therefore, disqualifies him from obtaining coram nobis relief."  Order at 4.

Mr. Frank timely appealed.

## I. Analysis

### A. Legal Standards

"A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and therefore cannot seek habeas relief."  *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) (italics and quotation marks omitted).  It exists to "correct errors that result in a complete miscarriage of justice," *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (internal quotation marks omitted), and is limited to "extraordinary cases presenting circumstances compelling its use to achieve justice."  *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted).  "[I]t is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate."  *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (cleaned up).

3

To receive coram nobis relief, the petitioner must exercise due diligence in seeking the writ. *Klein*, 880 F.2d at 254. The petitioner must have also had no "alternative remedies," *Denedo*, 556 U.S. at 911, and the writ may not be used to litigate issues that were or could have been raised on direct appeal or in a collateral attack. *United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019). Finally, "the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." *Klein*, 880 F.2d at 253.

We review the district court's factual findings for clear error, its rulings on questions of law de novo, and its ultimate decision to deny the coram nobis writ for abuse of discretion. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *United States v. Lujan*, No. 22-2014, 2022 WL 17588500, at *3 (10th Cir. Dec. 13, 2022). A district court abuses its discretion when it commits an error of law. *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1252 (10th Cir. 2006).

### B. Due Diligence

To obtain coram nobis relief, a defendant first must show that he or she exercised due diligence in seeking the writ. *Klein*, 880 F.2d at 254. Mr. Frank fails to do so here. More than 13 years passed between the time the district court entered judgment against Mr. Frank and when he filed this petition. Order at 3. He filed this petition more than ten years after he was last held in BOP custody, and more than nine years after he first raised the statute of limitations issue with the court. *Id.*

4

Mr. Frank argues his "many years delay in bringing a writ proceeding" is "justified" by "ineffective assistance of counsel" because his prior attorney failed to advise him regarding the statute of limitations defense. Aplt. Br. at 8–9; Reply Br. at 2–3. But his briefing merely assumes his counsel's conduct amounted to ineffective assistance—absent is any discussion of the test for evaluating such claims: the so-called *Strickland* analysis. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (To prevail a petitioner must show: (1) deficient performance by counsel that (2) caused prejudice to the petitioner). Mr. Frank did not brief ineffective assistance in either his Opening or Reply brief, and inadequately briefed arguments are forfeited. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). In any event, as the district court recognized Mr. Frank first raised the statute of limitations defense in 2014 and most recently in 2017. He offers no properly supported explanation for why he waited nine years after his first filing, or six years after his 2017 motion, to seek the writ.

The district court did not abuse its discretion when it denied his petition after concluding this substantial unjustified delay constituted a lack of due diligence. *See, e.g.*, *Klein*, (7-year delay warranted denial); *United States v. Robinson*, 597 F. App'x 551, 552 (10th Cir. 2015) (same for ten-year delay); *United States v. Ballard*, 317 F. App'x 719, 722 (10th Cir. 2008) (same for five-year delay); *United States v. Gaddis*, 200 F. App'x 817, 818–19 (10th Cir. 2006) (same for two-year delay).[2]

---

[2] We cite to unpublished opinions only for their persuasive value.

### C. Other Bases to Deny Relief

Denying Mr. Frank coram nobis relief is also supported by a litany of other reasons briefed by the parties but not addressed by the district court. *United States v. Davis*, 339 F.3d 1223, 1227 (10th Cir. 2003) (appellate courts can "affirm the rulings of the lower court on any ground that finds support in the record, even where the lower court reached its conclusions from a different or even erroneous course of reasoning."). These include: (1) Mr. Frank's procedural default, (2) Mr. Frank has not shown other remedies or forms of relief were unavailable or inadequate, and (3) Mr. Frank has not established a jurisdictional or constitutional error resulting in a complete miscarriage of justice.

### 1. Procedural Default

To receive coram nobis relief, a petitioner also must establish the claim is not procedurally defaulted. *See, e.g.*, *Miles*, 923 F.3d at 804; *see also United States v. Carpenter*, 24 F. App'x 899, 905 (10th Cir. 2001). To collaterally attack a plea, a petitioner must first challenge that plea on direct appeal. *See Miles*, 923 F.3d at 804 ("[A] petition for writ of coram nobis must be rejected if the claim was raised on or could have been raised on direct appeal, through a § 2255 motion, or in any other prior collateral attack on the conviction or sentence."); *see also United States v. Aguayo*, 2021 WL 4998920, at *2 (10th Cir. Oct. 29, 2021). Mr. Frank never made a direct appeal and so has procedurally defaulted. *Miles*, 923 F.3d at 804.

Mr. Frank contends his procedural default is excused by him having shown ineffective assistance of counsel. Reply Br. at 4. A petitioner can overcome

procedural default by showing "cause for his failure to raise the claim in an earlier proceeding *and* resulting prejudice." *Id.* at 803 (emphasis added). This argument fails.

As discussed above, Mr. Frank has not "shown" ineffective assistance of counsel. *Supra* (I)(B). He has merely stated in conclusory fashion that his counsel was ineffective. Mr. Frank accurately quotes *Rogers v. United States* as stating that an "attorney's error provides cause to excuse a procedural default." 91 F.3d 1388, 1391 (10th Cir. 1996). That is true, as far is it goes, but it presupposes attorney error. Indeed, in the very next sentence, *Rogers* lays out the *Strickland* test for establishing ineffective assistance of counsel—something Mr. Frank fails to address. Mr. Frank has not established ineffective assistance of counsel and so has not shown a good cause failure to raise the claim earlier. *Miles*, 923 F.3d at 803.

But even if he had established ineffective assistance of counsel, Mr. Frank does not address the second requirement to overcoming procedural default: resulting prejudice. *Id.* Prejudice can be established with "evidence tending to show that had [Mr. Frank] been advised [properly], he would have elected to proceed to trial." *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004). But as the government points out, Mr. Frank was facing three counts of bank fraud—all of which were timely under the relevant 10-year statute of limitations. He does not— and presumably cannot—explain why he would have chosen to face three bank fraud charges rather than plead guilty to a single false statement charge and receive a low-end recommendation.

Mr. Frank's procedural default independently supports affirming the district court. [3]

### 2. § 2255 Relief

A writ of coram nobis is also only available when other remedies and forms of relief are unavailable or inadequate. *Miles*, 923 F.3d at 804; *see also Embrey v. United States*, 240 F. App'x. 791, 794 (10th Cir. July 9, 2007). Mr. Frank's failure to seek relief under § 2255 likewise supports affirming the district court. *Miles*, 923 F.3d at 804 ("[A] claim pressed through a coram nobis petition is ordinarily barred if the petitioner . . . simply failed to pursue the claim under § 2255 when petitioner could have.").

Mr. Frank argues § 2255 relief was functionally unavailable because he did not learn about the statute of limitations defense until after the one-year time to file a § 2255 claim had run. He cites *Gibson v. Klinger* and *Yang v. Archuleta* in support of the proposition that "ignorance of the law" permits equitable tolling of the time to file a motion under § 2255. 232 F.3d 799, 808 (10th Cir. 2000); 525 F.3d 925, 929–30 (10th Cir. 2008). Neither case supports his position. Not only did *Gibson* concern a different statute, the Anti-Terrorism and Effective Death Penalty Act, but it also affirmed the district court's dismissal of the petitioner's habeas petition as time barred. 232 F.3d at 808. And *Yang* likewise declined to apply equitable tolling

---

[3] A petitioner can overcome procedural default by demonstrating "actual innocence." *United States v. Hisey*, 12 F.4th 1231, 1235 (10th Cir. 2021). Mr. Frank does not profess his actual innocence.

predicated on poor English-language proficiency, noting it is a "rare remedy" "not to be disregarded by courts out of a vague sympathy for particular litigants." 525 F.3d at 929–30.

Relief under § 2255 was neither unavailable nor inadequate merely because Mr. Frank failed to avail himself of it. *Miles*, 923 F.3d at 804 ("[A] petition for writ of coram nobis must be rejected if the claim was raised or could have been raised . . . through a § 2255 motion"); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) ("[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative."). His failure to do so likewise requires affirming.

### 3. *Fundamental Error Resulting in a Complete Miscarriage of Justice*

Finally, coram nobis relief is an "'extraordinary remedy' to be invoked 'only under circumstances compelling such action to achieve justice.'" *Rawlins v. Kansas*, 714 F.3d 1189, 1195 (10th Cir. 2013) (quoting *Morgan*, 346 U.S. at 511). This requires "demonstrate[ing] that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." *Klein*, 880 F.2d at 253; *see also Lujan*, 2022 WL 17588500, at *2. A petitioner may meet this burden by "asserting his innocence to the charge to which he pleaded guilty." *See United States v. Bustillos,* 31 F.3d 931, 934 (10th Cir. 1994); *see also Embrey*, 240 F. App'x. at 794 (To show "a jurisdictional or constitutional error resulting in a "complete miscarriage of justice . . . [a] petitioner must, among other things, assert his or her 'innocence of the charge.'") (citing *Bustillos*, 31 F.3d at 934) (Gorsuch, J.). And "where the

9

Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Mr. Frank professes legal, not actual, innocence—asserting that his failure to raise the statute of limitations deprived him of a complete defense. In support, he cites *United States v. Cooper*. 956 F.2d 960, 961 (10th Cir. 1992) ("[T]he law of this circuit is that the statute of limitations is a bar to prosecution."). On its face, *Cooper* supports his position. But since *Cooper*, the Court has held that a district court's failure to consider "an unraised limitations defense" is not an error, much less the sort of fundamental error warranting coram nobis relief. *Musacchio v. United States*, 577 U.S. 237, 247 (2016) (a statute of limitations defense "becomes part of a case only if the defendant presses it in the district court."). Indeed, *Musacchio* expressly held that the general federal statute of limitations Mr. Frank relies on here, § 3282(a), "provides a nonjurisdictional defense, not a jurisdictional limit" and a "district court's failure to enforce an unraised limitations defense under § 3282(a) cannot be a plain error"—let alone abuse of discretion. *Id.* at 248.

*Cooper* is also readily distinguishable from this case. There, the defendant timely raised the issue in district court before direct appeal. 956 F.2d at 961. And unlike Cooper, Mr. Frank received—in exchange for this guilty plea—the government's agreement to dismiss more serious charges which were within the limitations period, and to which Mr. Frank does not profess actual innocence.

Finally, *Cooper* did not concern the "'extraordinary remedy" of coram nobis relief, *Morgan*, 346 U.S. at 511, and so was procedurally distinct.

Mr. Frank's arguments do not demonstrate a fundamental error warranting coram nobis relief. This likewise supports affirming the district court.

## II. Conclusion

For these reasons, we affirm the district court's order denying Mr. Frank's petition for a writ of coram nobis.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge